UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSK COVERTECH, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>FEVISA INDUSTRIAL, S.A. de C.V.,<br><br>                              Defendant. | Case No.: 23-cv-00741-DMS-MSB<br><br>**AMENDED ORDER DENYING PLAITIFF'S MOTIONS TO FILE UNDER SEAL** |

Plaintiff MSK Covertech, Inc. ("MSK") has initiated this Action against Defendant Fevisa Industrial ("Fevisa") to confirm a foreign arbitration award under Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207. Plaintiff has filed a redacted copy of its Petition (ECF No. 1) and has moved to file an unredacted copy of the Petition along with three Exhibits under seal (ECF No. 2). Plaintiff also moves to file an ex parte application for preliminary relief along with supporting documents under seal. (ECF No. 5.) Because Plaintiff points to no compelling reason justifying the sealing of any of these filings, the Motions are **DENIED**.

## I.   BACKGROUND

In this Action, MSK petitions the court for an order confirming a foreign arbitration award under Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, and Article III of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10,

1958, 21 U.S.T. 2517 (the "New York Convention"). Plaintiff MSK is a Georgia corporation with its principal place of business in the state of Georgia. MSK designs and manufactures packaging systems and equipment. Defendant Fevisa is a glass manufacturing company incorporated in Mexico with its headquarters in Mexicali, Baja California, Mexico. In 2017, MSK and Fevisa entered a contract in which MSK agreed to deliver products and services to Fevisa. The parties agreed to settle disputes arising out of the contract under the Rules of Arbitration of the Arbitration Center of Mexico (Reglas de Arbitraje del Centro de Arbitraje de México). In December 2019, Fevisa filed a request for arbitration against MSK for breach of contract. MSK brought a counterclaim against Fevisa. In January 2023, the Arbitrator concluded that Fevisa's claims were without merit, but that MSK was entitled to compensation for one if its counterclaims.

MSK argues that the unredacted Petition and the ex parte application for preliminary relief, along with their supporting documents, should be filed under seal because they contain information that Defendant Fevisa "alleges or may allege constitutes trade secret and proprietary information." (Pl.'s Mot. to File Pet. Under Seal at 2, ECF No. 2; Pl.'s Mot. to File Ex Parte Appl. Under Seal at 2, ECF No. 5.) This is the sole reason MSK provides to justify sealing these filings.

## II. DISCUSSION

### A. Legal Standard

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Ninth Circuit has stated that there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). A court may seal records only when it finds "a compelling reason and articulate[s] the factual basis

for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096–97 (quoting *Kamakana*, 447 F.3d at 1179). The Ninth Circuit has carved out an exception to this rule "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097. For these materials, the party seeking to file under seal "need only satisfy the less exacting 'good cause' standard." *Id.* (quoting *Foltz*, 331 F.3d at 1135); *see also* Fed. R. Civ. P. 26(c).

The Court concludes that Plaintiff's motion to file the Petition and its attached Exhibits must "meet the compelling reasons standard." *Blackhawk Network Inc. v. SL Card Co.*, No. CV-21-00813, 2021 WL 2779497, at *1 (D. Ariz. July 2, 2021); *see also In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) (concluding that "[u]nder the Ninth Circuit's jurisprudence," a motion to seal a complaint must meet the compelling reasons standard because a complaint is "the root, the foundation, the basis by which a suit arises"). The district courts within the Ninth Circuit—including this District—have routinely held that a motion to seal a complaint is subject to the compelling reasons standard. *See, e.g.*, *Alex Lee, Inc. v. Lion Cap. LLP*, No. 22-cv-1694, 2023 WL 125013 (S.D. Cal. Jan. 6, 2023); *Blackhawk Network*, 2021 WL 2779497 (D. Ariz.); *McCrary v. Elations Co.*, No. EDCV 13-00242, 2014 WL 1779243 (C.D. Cal. Jan. 13, 2014); *Mendoza v. Electrolux Home Prod., Inc.*, No. 20-cv-01133, 2020 WL 5847220 (E.D. Cal. Oct. 1, 2020); *Billman Prop., LLC v. Bank of Am., N.A.*, No. 15-CV-00088, 2015 WL 575926 (D. Nev. Feb. 11, 2015); *In re NVIDIA Corp.*, 2008 WL 1859067 (N.D. Cal.).

Additionally, Plaintiff's motion to file the ex parte application for preliminary relief under seal must satisfy the same compelling reasons standard. *See Ctr. for Auto Safety*, 809 F.3d at 1102–03 (holding that a motion to seal a preliminary injunction motion is subject to the compelling reasons standard because such a motion requires a court to address the merits of a case).

/ / /

/ / /

**B. Analysis**

Plaintiff has articulated no compelling reason to justify sealing the Petition, the ex parte application for preliminary relief, or any of the supporting documents attached to these filings. Examples of compelling reasons include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Plaintiff offers a single conclusory sentence arguing that the filings should be sealed because they contain information that Defendant Fevisa "alleges or may allege constitutes trade secret and proprietary information." (Pl.'s Mot. to File Pet. Under Seal at 2; Pl.'s Mot. to File Ex Parte Appl. Under Seal at 2.) Plaintiff must specify the trade secrets and proprietary information contained within the filings and articulate how their public disclosure might "harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598, in order to overcome the "strong presumption in favor of access," *Foltz*, 331 F.3d at 1135. Plaintiff's single sentence arguing that Defendant "alleges or may allege" there to be trade secrets or proprietary information contained within the filings, without more, is unsubstantiated "hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179.

### III.   CONCLUSION AND ORDER

Plaintiff has not made a sufficient showing of "compelling reasons" to justify sealing of the filings. Accordingly, the Court **HEREBY ORDERS** the following:

1. Plaintiff's Motions to File Under Seal (ECF No. 2; No. 5) are **DENIED** without prejudice. Nonetheless, all filings in this case currently under seal shall remain provisionally under seal.
2. On or before **Friday, May 12, 2023**, Plaintiff may file a renewed motion which (a) specifies portions of the filings sought to be kept seal and (b) articulates compelling reasons to justify the sealing of those portions consistent with the standard explained in this Order.
3. If Plaintiff does not file a renewed motion by **May 12, 2023**, all filings currently under seal in this case shall be published on the public docket in their entirety.

This Order supersedes the Order dated May 1, 2023 (ECF No. 4).

**IT IS SO ORDERED.**

Dated: May 4, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court