1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MSK COVERTECH, INC., | Case No.: 23cv741-DMS (MSB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR SERVICE ABROAD [ECF NO. 17]** |
| FEVISA INDUSTRIAL, S.A. de C.V., | |
| Defendant. | |

        In January 2023, Plaintiff MSK Covertech, Inc. ("MSK") and Defendant Fevisa Industrial, S.A. de C.V. ("Fevisa") engaged in arbitration in Mexicali, Baja California, Mexico.  (See ECF No. 15 at 2.)  The Arbitrator rejected Fevisa's claims and awarded MSK $370,785, plus six percent per annum interest.  (Id. at 8.)  On April 21, 2023, MSK petitioned this Court for an order confirming the arbitration award under Section 207 of the Federal Arbitration Act ("FAA") and Article III of the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention").  (ECF No. 1.)  Now pending before the Court is Plaintiff MSK's Request for Service Abroad ("Motion").  (See ECF No. 17.)  Plaintiff seeks "issuance of a Letter Rogatory to the appropriate Judicial Authority in Mexico" to effect service of process on Defendant Fevisa.  (Id. at 2.)

1    In support, Plaintiff asserts there are no defendants to whom advance notification

2  of this application can be provided because this lawsuit was filed solely against Fevisa,

3  who has not yet been served.  (Id. at 3.)  Further, Plaintiff argues this Court has authority

4  to grant the application pursuant to Federal Rule of Civil Procedure 4(f)(1).  (Id.)  Plaintiff

5  requests that the appropriate judicial authority of Mexico assist with effecting service

6  upon Fevisa of the following documents: (1) Summons; (2) Petition to Confirm

7  Arbitration Award; (3) Ex Parte Applications for a Writ of Attachment or a Temporary

8  Protective Order, Memorandum of Points and Authorities in Support of Same; (4) Notice

9  of Motion and Motion to File Under Seal, Memorandum of Points and Authorities in

10  Support of Same; (5) Court's Order Granting Temporary Protective Order.  (Id. at 4.)

11  Plaintiff has also provided the Court with its proposed "Request for International Judicial

12  Assistance."  (See ECF No. 17-1.)

13    Rule 4 of the Federal Rules of Civil Procedure ("Rule 4") governs service of

14  process.  Fed. R. Civ. P. 4.  Under Rule 4(f)(1), an individual in a foreign country may be

15  served "by any internationally agreed means of service that is reasonably calculated to

16  give notice, such as those authorized by the Hague Convention on the Service Abroad of

17  Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  The Hague Service

18  Convention is "a multilateral treaty intended 'to provide a simpler way to serve process

19  abroad, to assure that defendants sued in foreign jurisdictions . . . receive actual and

20  timely notice of suit, and to facilitate proof of service abroad.'"  Granger v. Nesbitt, 2021

21  WL 4658658, at *3 (D. Mass. Oct. 7, 2021) (citing Volkswagenwerk Aktiengesellschaft v.

22  Schlunk, 486 U.S. 694, 698 (1988)).  The United States and Mexico are both signatories

23  to the Hague Service Convention and the Inter-American Convention on Letters

24  Rogatory.  Jan. 30. 1975, O.A.S.T.S. No. 43, 1438 U.N.T.S. 288.

25    In international practice, "[a] letter rogatory, or letter of request, is 'a formal

26  request from a court in which an action is pending to a foreign court to perform some

27  judicial act.'"  Walther-Meade v. Leidos, Inc., 2023 WL 3224960, at *2 (S.D. Cal. May 3,

28  2023) (quoting Viasat, Inc. v. Space Sys./Loral, LLC, 2014 WL 12577593, at *2 (S.D. Cal.

1  June 30, 2014)).  Courts have inherent authority to issue letters rogatory, and this power

2  is also implicitly authorized by 28 U.S.C. § 1781.  See Omnitracs, LLC v. Platform Science,

3  Inc., 2023 WL 2626273, at *1 (S.D. Cal. Mar. 24, 2023); see also Desirous Parties

4  Unlimited Inc. v. Right Connection Inc., 2023 WL 245871, at *1 (D. Nev. Jan 18, 2023).

5  Courts exercise broad discretion to issue letters rogatory, including for purposes of

6  discovery and service of process.  See Huntzinger v. Aqua Lung America, Inc., 2016 WL

7  11783766 (S.D. Cal. Nov. 23, 2016).

8        Having reviewed Plaintiff's Motion and for good cause shown, the Motion is

9  **GRANTED IN PART**.  The Court finds that issuance of a letter rogatory requesting

10  international assistance to effect service of process upon Defendant Fevisa is

11  appropriate and not contrary to public policy.  However, the Court will not issue

12  Plaintiff's proposed "Request for International Judicial Assistance" as currently written.

13  The Court will issue it with the following changes:

14      1.  The title of the document must be amended to "Letter Rogatory to the

15         Appropriate Judicial Authority in Mexico."

16      2.  The list of documents on page 2 must be amended with proper citations to the

17         Docket.  For example, "Summons to Fevisa [Dkt. No. 11]."

18      3.  The Court's address must be added to page 2: United States District Court for

19         the Southern District of California, 333 West Broadway, San Diego, California

20         92101.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

23cv741-DMS (MSB)

1    Plaintiff is **ORDERED** to resubmit the letter rogatory with the above-described

2  changes by emailing it to Judge Berg's efile address (efile_berg@casd.uscourts.gov).

3  It shall be the responsibility of Plaintiff to deliver the letter rogatory and all relevant

4  documents to the appropriate authorities in Mexico.

5    **IT IS SO ORDERED**.

6  Dated:  June 26, 2023

7  _____

8  Honorable Michael S. Berg
   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28