UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MSK COVERTECH, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>FEVISA INDUSTRIAL, S.A. de C.V.,<br><br>                              Defendant. | Case No.:  23cv741-DMS (MSB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br>**[ECF NO. 22]** |

On June 23, 2023, Plaintiff MSK Covertech, Inc. ("Plaintiff" or "MSK") filed a Motion for Expedited Discovery.[1] (ECF No. 22.)  Plaintiff seeks "narrowly tailored discovery from third parties" as to Defendant Fevisa Industrial, S.A. de C.V.'s ("Defendant" or "Fevisa") written agreements and bank accounts.  (Id. at 3.) Specifically, Plaintiff seeks leave to serve third-party subpoenas on the following four entities: (1) Specialty Minerals Inc. ("Specialty Minerals"); (2) Anheuser-Busch, Inc. ("Anheuser-Busch"); (3) Encore Glass; and (4) Home Brew Mart Inc., d/b/a Ballast Point

---

[1] Plaintiff filed a "Reply in Support of Motion for Expedited Discovery" on July 14, 2023, which the Court has also considered.  (See ECF No. 25.)

Brewing Co. ("Ballast Point").  (Id. at 5.)  Because Defendant has not been served or appeared in this case, no opposition has been filed.  For the following reasons, the Motion for Expedited Discovery is **DENIED.**

## I.   BACKGROUND

In January 2023, Plaintiff MSK and Defendant Fevisa engaged in arbitration in Mexicali, Baja California, Mexico, which resulted in a Final Award to MSK for $370,785.00, plus six percent per annum interest.  (ECF No. 15.)  On April 21, 2023, MSK petitioned this Court for an order confirming the award under Section 207 of the Federal Arbitration Act ("FAA") and Article III of the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention").  (ECF No. 1.)  On May 8, 2023, the Honorable Chief District Judge Dana M. Sabraw issued a Temporary Protective Order ("TPO"), which provided that:

> Defendant Fevisa Industrial and its representatives, employees, and agents are **RESTRAINED** from transferring, concealing, reducing, encumbering, or otherwise making unavailable funds it currently possesses in bank accounts located within the state of California in order to secure the amount of $370,785.00.  Any funds Defendant possesses beyond this amount are exempt from this Order.

(ECF No. 10 at 1.)  However, on June 15, 2023, Chief Judge Sabraw denied Plaintiff's request to extend the TPO beyond forty days.  (ECF No. 21.)  Chief Judge Sabraw's Order also stated that "Plaintiff may bring a renewed request to conduct early discovery in a motion directed to the magistrate judge assigned to this case."  (Id. at 2.)

On June 23, 2023, Plaintiff filed the instant Motion requesting leave to serve the following third-party subpoenas:

1. Specialty Minerals:  "Plaintiff understands that Defendant has received between one hundred and two hundred shipments from Specialty Minerals each year since 2020. . . . Plaintiff seeks to obtain from Specialty Minerals only: (i) its written agreement(s) with Defendant, and (ii) any banking information it maintains about Defendant."
2. Anheuser-Busch:  Plaintiff says Anheuser-Busch "sent at least twenty-eight shipments to Defendant between 2019 and February 2023. . . .

       Plaintiff seeks to obtain from Anheuser Busch only (i) its written agreement(s) with Defendant, and (ii) any banking information it maintains about Defendant."

3. <u>Encore Glass</u>:  Plaintiff says Encore Glass "since 2009 has had an exclusive sales agreement with Defendant . . . Plaintiff seeks to obtain from Encore Glass only (i) its written agreement(s) with Defendant, and (ii) any banking information it maintains about Defendant."

4. <u>Ballast Point</u>:  Plaintiff says Ballast Point "sent at least twenty-eight shipments to Defendant between 2019 and February 2023."[2]

(ECF No. 22 at 5.)

      Plaintiff argues the requested third-party discovery is "necessary to enforce the [Court's TPO] and protect the assets MSK is entitled to under the arbitration order."  (<u>Id.</u>)  Further, Plaintiff says its request is "limited to information pertinent to enforcing the arbitration award and narrowly tailored to only seek information necessary to accomplish the same."  (<u>Id.</u>)  Plaintiff argues its request will not burden Defendant because it is limited to only third-party discovery.  (<u>Id.</u> at 6.)  Additionally, Plaintiff stipulates it will maintain any discovery produced by the above entities as "CONFIDENTIAL or CONFIDENTIAL— FOR COUNSEL ONLY" to ensure its protection until Defendant has been properly served and appears in this matter.  (<u>Id.</u>)  Finally, Plaintiff argues that if it is unable to obtain the requested information quickly, "it may be prejudiced in its ability to protect the distribution of Fevisa's assets and collect on the arbitration award."  (<u>Id.</u>)

## II.   LEGAL STANDARD

      Generally, the Federal Rules of Civil Procedure do not permit formal discovery before the required Rule 26(f) scheduling conference occurs.  <u>See</u> Fed. R. Civ. P. 26(d)(1).  Courts, however, have made exceptions to permit expedited discovery in unusual

---

[2] Plaintiff does not specify what it seeks to obtain from Ballast Point.  (ECF No. 22 at 5.)  However, the Court assumes it is seeking the same materials as the other three entities: (i) Ballast Point's written agreement(s) with Defendant, and (ii) any banking information Ballast Point maintains about Defendant.  (<u>Id.</u>)

circumstances upon a showing of good cause.  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Courts routinely allow early discovery where it will "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that purpose.  Semitool, 208 F.R.D. at 277.

Courts commonly consider five factors when assessing good cause: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [other party] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  NobelBiz, Inc. v. Wesson, No. 14cv0832-W(JLB), 2014 WL 1588715, at *1 (S.D. Cal. Apr. 18, 2014) (quoting Apple Inc. v. Samsung Elecs. Co., No. 11cv1846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011)).  "The scope of discovery, including third-party subpoenas, is subject to the relevance and proportionality requirements of Federal Rule of Civil Procedure 26(b)."  Evitt v. Experian Info. Solutions Inc., No. 23cv05294-LK, 2023 WL 3568053, at *1 (W.D. Wash. May 19, 2023) (internal citations omitted).  Additionally, Rule 45(d)(1) states that the party requesting a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the Court "must enforce this duty."  Fed. R. Civ. P. 45(d)(1).  If discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," courts must limit the frequency or extent of discovery.  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

### III.   ANALYSIS

Here, the "good cause" factors do not weigh in favor of the requested expedited discovery.  First, the fact that there is no pending motion for preliminary injunction lessens the urgency for early discovery.  See MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc., No. 19cv1865-GPC(LL), 2019 WL 6310554, at *3 (S.D. Cal. Nov. 25, 2019).

Furthermore, the Court denied Plaintiff's request to extend the TPO but left the door open for Plaintiff to "bring a renewed motion for TPO and writ of attachment after it has succeeded in serving Defendant." (ECF No. 21 at 2.)  On June 26, 2023, the Court granted Plaintiff's request for a letter rogatory, so the international service process is seemingly now underway.  (See ECF Nos. 23 & 24.)  Considering these circumstances, Plaintiff has not demonstrated why the requested discovery is necessary before Defendant has been properly served.

With respect to the second and fourth factors, Plaintiff has not shown that the discovery sought is appropriately tailored and will not be unduly burdensome.  Plaintiff seeks written agreements and banking information from four entities that allegedly had businesses relationships with Defendant; Plaintiff argues its request is "limited to information pertinent to enforcing the arbitration award and narrowly tailored to only seek information necessary to accomplish the same." (ECF No. 22 at 5.)  Further, Plaintiff argues its request will not burden Defendant because it is limited to third-party discovery; Plaintiff does not assess the potential burden on the third parties themselves.  (Id. at 6.)  Here, Plaintiff's requests are not limited to the relevant time periods reflected in the petition and potentially include a large volume of sensitive documents, which would require significant time and effort to locate.  See Evitt, 2023 WL 3568053, at * 2 (finding "broadly framed subpoenas to likely be unnecessarily burdensome"); Apple Inc., 2011 WL 1938154, at *3 (finding request for expedited discovery to be unduly burdensome in part because "it would require [defendant] to undertake a wide-ranging investigation to determine whether any such documents exist").  Further, Plaintiff has not shown that it has taken "reasonable steps to avoid imposing undue burden or expense" on the four entities that would be subject to the subpoenas.  See Fed. R. Civ. P. 45(d)(1).  Considering the early stage of the case, Defendant's non-appearance, and the fact that Plaintiff is seeking potentially sensitive documents from four non-parties, the Court finds the requested discovery is overly broad and burdensome at this juncture.

The third factor also weighs against expedited discovery.  The Court's denial of an extension of the TPO eliminates the primary purpose for which Plaintiff is seeking expedited discovery—"to enforce the [Court's TPO]"—because there is no longer a TPO to enforce. (ECF No. 22 at 5; ECF No. 21.)  Plaintiff's second asserted purpose—to protect the assets MSK is entitled to under the arbitration award—is more compelling, as Plaintiff has previously shown that Defendant was evasive and may attempt to move its assets.  (ECF No. 22 at 5; ECF No. 3 at 6.)  However, Plaintiff does not provide further explanation for why the requested information will help protect those assets.  Because the Court will not re-consider a motion for TPO and writ of attachment until after Defendant has been served, it is also unclear why this information is needed before Defendant appears in the case. (ECF No. 21.)

Finally, Plaintiff is seeking leave to serve third-party subpoenas well in advance of the typical discovery process, which also weighs against expedited discovery.  Defendant has not been served or answered Plaintiff's petition.  (See Docket.)  Normally, discovery would begin in approximately two months if Defendant files an answer, or months later if Defendant files a motion to dismiss.  See Wedge Water LLC v. Ocean Spray Cranberries, Inc., No. 21cv0809-GPC(BLM), 2021 WL 2138519, at *4 (S.D. Cal. May 26, 2021) (holding that a request for expedited discovery was significantly premature where Defendant had not yet answered or otherwise responded to complaints in two district courts).  Thus, Plaintiff has not demonstrated good cause for advancing the discovery process by multiple months.

## IV.     CONCLUSION

Weighing all the factors, the Court finds Plaintiff has not demonstrated the requisite good cause for expedited discovery.  Semitool, 208 F.R.D. at 276; NobelBiz, Inc., 2014 WL 1588715, at *1.  In this case, Plaintiff's discovery requests are overly broad and potentially burdensome on the four non-parties.  Additionally, there is no pending motion for preliminary injunction and Defendant remains unserved.  Moreover, Plaintiff has not demonstrated why the requested information is needed significantly in advance

of the typical discovery process.  For these reasons, the Court **DENIES** Plaintiff's Motion for Expedited Discovery.

    **IT IS SO ORDERED**.

Dated:  July 21, 2023

                                Honorable Michael S. Berg
                                United States Magistrate Judge